Dale K. Galipo, 144074
dalekgalipo@yahoo.com
**THE LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiffs
Theodore Marapulos, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE MAROPULOS, et al., | CASE NO. CV 04-01171 TJH (PJWx) |
| Plaintiffs, | [Honorable Terry J. Hatter Jr.] |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3 TO LIMIT THE NUMBER OF DEFENSE EXPERTS TO TESTIFY REGARDING THE CAUSE OF FIRE** |
| COUNTY OF LOS ANGELES, et al.,, | |
| Defendants. | |
| | Trial:  February 23, 2010<br>Time:  10:00 am<br>Courtroom:  17 |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Theodore Marapulos, Donna Marapulos, Nathan Marapulos and Danielle Jacobo hereby move this court, in limine, before the jury's selection or the trial's commencement, for an order instructing Defendants and their three expert witnesses -- whose conclusions regarding the cause of the fire are repetitive, duplicitous and burdensome – to limit the number of experts to testify regarding the cause of the fire to one expert witness and that defense counsel and every one of their remaining witnesses will not mention, comment on, refer to or interrogate any witness concerning, or attempt to suggest to the jury in any way (unless permission to the contrary is first obtained from the court outside the jury's presence) anything concerning the

duplicitous, repetitive and burdensome opinions regarding causation of the two experts not testifying regarding causation.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dale K. Galipo, all pleadings and papers on file, and any other evidence the court may entertain at the time of hearing.

Dated:     January 25, 2010          THE LAW OFFICES OF DALE K. GALIPO

_____/s/_____
Dale K. Galipo
Attorneys for Plaintiff

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO LIMIT THE NUMBER OF DEFENSE EXPERTS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

At trial, Defendants intend to reference unduly burdensome testimony from three expert witnesses who each concluded that the fire, which destroyed the Marapulos home, killed two of Donna Jacobo's children and seriously injured another child, was accidental and not an act of arson. Although Defendants might present said conclusion and analysis by calling a single expert to testify at trial, Defendants instead intend to unduly consume the court's time by calling three repetitive experts to present the same analysis and the same conclusion regarding the same issue.

The testimony of all three of Defendants' experts regarding causation would unduly consume the Court's time because where their opinions and analysis are identical, the testimony of two expert witnesses regarding causation would simply duplicate the testimony of the first. The introduction of the same duplicitous, repetitive and burdensome testimony from three experts offering the same opinion is unnecessary. Accordingly, Defendants should be limited to introducing only one expert witness to testify regarding causation.

## II. INTRODUCING THE SAME DUPLICITOUS AND REPETITIVE TESTIMONY FROM THREE EXPERT WITNESSES IS AN UNDUE CONSUMPTION OF THE COURT'S TIME.

The Federal Rules of Evidence ("FRE"), Rule 403 excludes evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time. *F.R.E. 403*. Here Defendants three experts have each opined that the fire in this case was accidental, rather than an act of arson as Plaintiffs contend. Defendants intend to call all three of these experts to present the same analysis and the same conclusion regarding the same issue. There is no need for such repetitive sources

of the same evidence and the Court should therefore limit Defendants' expert testimony regarding causation to a single expert.

## IV. CONCLUSION

For all of the foregoing reasons, this Court should grant Plaintiff's motion in limine No. 3 in its entirety.

Dated: January 25, 2010     THE LAW OFFICES OF DALE K. GALIPO

_____/s/_____
Dale K. Galipo
Attorneys for Plaintiffs

# DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo hereby declare:

1. I am an attorney with THE LAW OFFICES OF DALE K. GALIPO and lead counsel for Plaintiffs. I am making this Declaration in support of Plaintiffs' Motion in Limine No. 3 to limit the number of defense experts who will testify regarding the cause of the fire. The matters stated herein are within my personal knowledge and I can therefore testify competently thereto, except where indicated on information and belief and to those matters I believe to be true.

2. Prior to filing the instant motion and pursuant to the meet and confer requirements of Local Rule 7-3, I engaged defense counsel in discussion so as to avoid the need for the instant motion in limine. Although I explained Plaintiffs' factual and legal justification in support of Plaintiffs' requests to limit the number of defense experts to testify regarding the cause of the fire, Defendants would not agree to this proposal. Thereafter, I received no indication that Defendants would stipulate to this motion in limine.

I declare under penalty of perjury under the laws of the States of California that the foregoing is true and correct.

Executed this 25th day of January 2010, at Woodland Hills, California.

_____/s/_____
Dale K. Galipo
Attorneys for Plaintiff